25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Benjamin ROSCOE, Plaintiff-Appellant,
and
Geraldine ROSCOE, Plaintiff,
v.
CITY OF ALBURQUERQUE, Manuel Cordova, Department of Housing
and Urban Development, Jack Kemp, and Michael R.
Griego, Defendants-Appellees.
 No. 93-2338.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Benjamin Roscoe, an Albuquerque landlord, appeals pro se from an entry of summary judgment dismissing his complaint against the City of Albuquerque, the United States Department of Housing and Urban Development ("HUD"), and others, for alleged breach of contract and civil rights violations in connection with the city's decision to discontinue renewing its federally subsidized Housing Assistance Payment Contracts ("HAP contracts") with Roscoe.[2] He contends that the district court misinterpreted the HAP contracts; that the contracts were terminated prior to their expiration rather than simply not renewed as the district court found; and that genuine issues of fact exist as to whether the city breached the contracts and violated his civil rights. We affirm.
 
 
 3
 From 1988 to 1992, Roscoe participated in the Section 8 Lower Income Housing Assistance Program, a rent subsidy program managed by the city, through the Albuquerque Housing Authority ("AHA"), with funding from HUD. Under this program, Roscoe would receive part of each month's rent for his sixty or so Section 8 tenants from the AHA, pursuant to the terms of HAP contracts executed for each Section 8 Tenant. The HAP contract sets forth the respective amounts to be paid by the tenant and the AHA, and provides that the tenant's rent payment as listed is the maximum amount the tenant shall be required to pay for rent, including "all services, maintenance and utilities to be provided by the owner," and any changes in that amount must be pre-approved by the AHA. R. Vol. III, Tab 159, Ex. 2 to Ex. A at 1/2 3(B).
 
 
 4
 In February of 1991, the AHA began investigating numerous allegations by some of Roscoe's Section 8 tenants that he was assessing them extra charges for management and maintenance services. The AHA conducted an investigation using information provided by Roscoe and determined that at least some of the allegations had merit. The AHA subsequently informed Roscoe that it would not renew its HAP contracts with Roscoe as they individually expired. Some of Roscoe's tenants eventually prevailed in a class action lawsuit that they had filed in 1990 alleging misconduct by Roscoe similar to that found by the AHA.
 
 
 5
 Roscoe then brought this action alleging that the city breached its contracts and violated due process in terminating its HAP contracts with him, and that it violated his Fourth Amendment rights in investigating his records. He was represented by counsel in the district court proceedings. The district court dismissed all counts on summary judgment, explaining in a ruling from the bench:
 
 
 6
 The Court will first grant the city's motion for summary judgment on Count I. The city found plaintiffs violated the HAP contract by imposing various fines and excessive charges on tenants. Under Paragraph 3-B of the contract, the rent paid by the tenant includes, "All services, maintenance and utilities to be provided by the owner." Additional fees, such as those imposed by plaintiffs were not authorized by the HAP contract.
 
 
 7
 Further, the city followed proper procedure when it notified plaintiffs the city chose not to renew existing contracts when they expired or execute new contracts with the plaintiffs. Pursuant to Paragraph 13-B of the HAP contract, the city gave plaintiffs proper notice of its decision. The contract does not require that plaintiffs be given an opportunity to cure any alleged breaches or claimed breaches.
 
 
 8
 The Court will also grant the city's motion for summary judgment on Count II. Plaintiffs did not have a protected property interest in the HAP contracts. Unlike the cases of Lynch and Perry cited by plaintiffs, the city did not alter or destroy any obligations owed plaintiffs under the HAP contracts. The city elected not to renew the contracts when they expired or enter into new contracts with plaintiffs, which was the city's right. Plaintiff had no vested interest to renew all of the HAP contracts.
 
 
 9
 The Court also rejects plaintiffs' alleged Fourth Amendment violation. Based upon the totality of circumstances, the Court finds that plaintiffs consented to the city's audit.
 
 
 10
 The Court will also grant the Federal defendants' motion for summary judgment. Plaintiffs' Count I, breach of contract, fails to assert a violation of a constitutionally protected right as required in a Bivens action. Further, Count I is barred by the doctrine of sovereign immunity.
 
 
 11
 Count II fails because plaintiffs offered only conclusory and non-specific allegations to counter ... the qualified immunity defense. The material defendants put forward indicate the manner in which they conducted the limited denial of participation process was objectively reasonable. Plaintiffs have offered only conclusory allegations in response, that in its decision-making, the Federal defendants relied upon some secret findings from the city.
 
 
 12
 R. Vol. IV at 21-22.
 
 
 13
 We review an order granting summary judgment de novo, applying the same standard used by the district court under Fed.R.Civ.P. 56(c). Notari v. Denver Water Dept., 971 F.2d 585, 587 (10th Cir.1992). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Redmon ex rel. Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir.1991).
 
 
 14
 The dispositive issue with respect to Roscoe's first two claims against each defendant is whether the city terminated the HAP contracts prior to their expiration, or whether the city simply allowed them to expire and chose not to renew them. If the latter is true, then unless Roscoe had a contractual or statutory right to renewal, his claims for breach of contract and due process violations fail as a matter of law. See Brown v. Independent School Dist. No. I-06, 974 F.2d 1237, 1239 (10th Cir.1992) (there is no property interest in the renewal of an annual contract absent a statutory or contractual right to renewal).
 
 
 15
 The undisputed facts show that the city informed Roscoe on May 7, 1991, that it would not renew "those H.A.P. Contracts which come up for renewal between now and February 11, 1992," which was the date on which the Roscoe's Limited Denial of Participation ("LPD") restriction from HUD would expire. R. Vol. III, Tab 159, Def. Ex. 60 at 2. The city further informed Roscoe that it did "not intend to enter into any new H.A.P. Contracts with [Roscoe]" until the LPD expired. Id. The city explicitly stated that it was opting to let each HAP contract "run out" rather than terminating each one immediately. Id. at 4. Accordingly, the district court based its decision in part on its finding that the city exercised its right not to renew the contracts instead of terminating them prior to their expiration.
 
 
 16
 Roscoe essentially rests his claim of a property interest and of a breach of contract on his assertion that "the [HAP contracts] have no provision for renewal nor do they expire." Appellant's Reply Brief (City) at 17. The HAP contract, however, clearly states that it expires at the conclusion of the lease on which it is based, or at the termination of the AHA's reimbursement contract with HUD. R. Vol. II, Tab 159, Ex. 2 to Ex. A, 1/2 2.
 
 
 17
 Having carefully reviewed the briefs and the record in this case, we conclude that summary judgment was appropriate for substantially the reasons stated by the district court.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Roscoe was joined in the complaint by his wife, Geraldine. She neither joined in Mr. Roscoe's notice of appeal nor filed her own, and thus she has waived her right to appeal the summary judgment entered against her